b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff | CRIMINAL DOCKET NO. 1:20-CR-00066-02 |
| VERSUS | JUDGE DRELL |
| ISIAH CHARLES JONES, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

# MEMORANDUM ORDER

Before the Court is a Motion for Return of Property (ECF No. 145) filed by *pro se* Defendant Isiah Jones ("Jones"). The Government opposes. ECF No. 148.

Because additional evidence is necessary to determine the merits of Jones's Motion, IT IS ORDERED that the Government has twenty-one days to submit evidence supporting its assertion that it did not possess Jones's property. IT IS FURTHER ORDERED that Jones may respond to the Government's evidence within twenty-one days of its filing.

## I. Background

On February 15, 2020, Louisiana State Police conducted a traffic stop.[1] ECF No. 1-1 at 3. Jones was a passenger of the stopped vehicle. *Id.* at 3–4. Officers subsequently searched the vehicle and seized drugs. *Id.* at 5–6. Jones alleges that the

[1] The traffic stop occurred late in the evening on February 15 and lasted through the early morning of February 16.

officers additionally seized his personal property during the stop, including one Rolex watch, Rolex bracelets, diamond earrings, $4,300, shoes, clothing, and other personal effects (hereafter, "personal property"). ECF No. 145-1.

A grand jury indicted Jones for possession of methamphetamine with intent to distribute ("Count Two"), possession of heroin with intent to distribute ("Count Three"), possession of cocaine with intent to distribute ("Count Four"), and possession of ecstasy with intent to distribute ("Count Five"). ECF No. 13. Jones pleaded guilty to Count Five. ECF Nos. 105 & 107. On February 19, 2023, Jones was sentenced to a term of imprisonment of 151 months and a term of supervised release of three years. ECF No. 128. The court dismissed Counts Two, Three, and Four. *Id.* On March 9, 2026, Jones's sentence was affirmed on appeal. ECF No. 144.

On March 9, 2026, Jones filed the instant Motion. ECF No. 145. Jones moves "for the immediate return of his personal property pursuant to Federal Rule of Criminal Procedure 41(g)." *Id.* at 1. The Government responds that Jones's Motion is untimely and without merit. ECF No. 148.

## II. Law and Analysis

Federal Rule of Criminal Procedure 41(g) provides that a "person aggrieved by . . . the deprivation of property may move for the property's return." "When criminal proceedings have concluded, courts treat a motion for the return of property as a civil suit invoking the courts' general equity jurisdiction under 28 U.S.C. § 1331." *United States v. Bacon*, 546 F. App'x 496, 499 (5th Cir. 2013). "A federal court has equitable authority, even after a criminal proceeding has ended, to order a law enforcement

agency to turn over property it has obtained during the case to the rightful owner or his designee." *Henderson v. United States*, 575 U.S. 622, 625–26 (2015).

As noted above, the Government challenges both the timeliness and merits of Jones's Rule 41(g) Motion. ECF No. 148. The Court addresses each issue in turn.

A. Timeliness

"A Rule 41(g) motion has a six-year statute of limitations." *Landry v. United States*, 600 F. App'x 216, 218 (5th Cir. 2015) (citing *United States v. Wright*, 361 F.3d 288, 290 (5th Cir. 2004)). "Under federal law, a cause of action accrues when the plaintiff is 'in possession of the critical facts that he has been hurt and who has inflicted the injury.'" *Bailey v. United States*, 508 F.3d 736, 740 (5th Cir. 2007) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 257 (5th Cir. 1993)).

"[I]n cases of seized property where no forfeiture proceedings were conducted, a claim accrues at the end of the 'limitations period during which the government is permitted to bring a forfeiture action.'" *Bailey*, 508 F.3d at 740 (quoting *Polanco v. U.S. Drug Enf't Admin.*, 158 F.3d 647, 654 (2d Cir. 1998)). "In a civil forfeiture proceeding, an action for the return of property seized by the government accrues five years after the seizure of the property." *Tampico v. Martinez*, 987 F.3d 387, 391 (5th Cir. 2021). Alternatively, "[i]n a criminal forfeiture, the cause of action accrues when the defendant is convicted and judgment is entered." *Id.* at 391 n.5 (citing *Katouzi v. U.S. Dep't. of Homeland Sec.*, 537 F. App'x 320, 321 (5th Cir. 2013)).

Here, no forfeiture proceedings were conducted. Jones's property was allegedly seized on or about February 15 or 16, 2020. ECF No. 145-1. Jones filed his request

for return of property on March 9, 2026. ECF No. 145. He filed his request well within the statute of limitations. Accordingly, his motion was timely, and the Court shall consider the merits.

B. Merits

"If a motion for return of property is made while a criminal prosecution is pending, the burden is on the movant to show that he or she is entitled to the property." *United States v. Oduu*, 564 F. App'x 127, 130 (5th Cir. 2014) (quoting *United States v. Chambers*, 192 F.3d 374, 377 (3d Cir. 1999)). "But when criminal proceedings have ended, that burden shifts to the Government." *Oduu*, 564 F. App'x at 130. "The general rule is that seized property, other than contraband, should be returned to its rightful owner once the criminal proceedings have terminated." *Cooper v. City of Greenwood, Miss.*, 904 F.2d 302, 304 (5th Cir. 1990) (cleaned up). "Hence, [a] criminal defendant is presumed to have the right to return of his property once it is no longer needed as evidence." *Oduu*, 564 F. App'x at 130 (internal quotation omitted).

Jones alleged that his personal property "was taken into government custody." ECF No. 145-1. He maintains that the Government has not returned that property to him. *Id.* The Government responds that "upon information and belief, the United States has never had these alleged items." ECF No. 148. The parties thus dispute whether the Government possesses the allegedly seized items. As such, "[a] finding of whether the government actually possesses [the property Jones] seeks is [] a necessary predicate to the resolution of his motion." *Bailey*, 508 F.3d at 739.

Because the Government filed this motion after the conclusion of criminal proceedings, it bears the burden. The Government's bare assertion that it never possessed Jones's property is not sufficient to carry that burden. *See Oduu,* 564 F. App'x at 131 (noting that, in other cases decided by "sister courts," "the government's bare assertion was not enough because the government had to bear the burden"). The taking of evidence is thus necessary to determine whether and when the Government possessed Jones's property. *See* Fed. R. Crim. P. 41(g) (providing that the Court "must receive evidence on any factual issue necessary to decide the motion").

## III. Conclusion

Because additional evidence is necessary to determine the merits of Jones's Motion, IT IS ORDERED that the Government has twenty-one days to submit evidence supporting its assertion that it did not possess Jones's property. IT IS FURTHER ORDERED that Jones may respond to the Government's evidence within twenty-one days of its filing.

SIGNED on Friday, September 18, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE